Sam London, Plaintiff, *v.* Fitz-Roy Development Corporation and Empress Dairies, Inc., Defendants.

Supreme Court, Special Term, Queens County, November 8, 1940.

*Abraham A. Kranker*, for the plaintiff.

*Samuel Weiss*, for the defendant Fitz-Roy Development Corporation.

*Morris Engel*, for the defendant Empress Dairies, Inc.

Kadien, J. This is an action for a permanent injunction restraining the defendants from conducting a store for the retail sale of dairy products.

It appears that by a lease dated May 21, 1934, the defendant Fitz-Roy Development Corporation demised to plaintiff's assignor one of thirteen stores, to be occupied " only for a retail grocery store." The " 29th " paragraph of the said lease provides: " The landlord agrees that so long as the tenant faithfully performs each and every term, covenant and condition of this lease on the part of the tenant to be performed, that it will not rent out any of the

other stores in the buildings known as Nos. 82–60 to 82–74 (both inclusive) Austin Street, which embraces the entire block of eight bldgs of which the demised premises form a part for the purpose of being used as a retail grocery store."

That thereafter and on or about the 28th day of August, 1940, the defendant Fitz-Roy Development Corporation entered into a lease with the defendant Empress Dairies, Inc., wherein the store premises 82–72 Austin street were demised to the said defendant, to be occupied only for " a retail butcher shop, fruit store and dairy store; nothing herein contained, however, shall be construed or interpreted as permitting or authorizing the tenant to conduct in said premises a grocery store or to sell therein any canned goods or appetizers."

It is plaintiff's contention that the restrictive covenant contained in his lease has been violated by the defendants entering into the last-mentioned lease. The plaintiff further contends that the sale of dairy products is an integral part of a grocery store, and the dairy store contemplated by the defendant Empress Dairies, Inc., will seriously interfere with and injure his business.

The defendants contend " that there has been a steady trend toward a distinction between a retail grocery store and a retail dairy store, and that although in the past grocery stores generally have dealt in groceries and in addition with certain dairy products, that there has developed a new type of retail dairy store, which has limited itself to sales of butter, eggs, cheeses, and milk."

This action was submitted for determination upon the pleadings, exhibits and a statement of submission. It appears therefrom (1) that the defendant Empress Dairies, Inc., prior to the entry into its lease, knew of the existence of the covenant contained in plaintiff's lease, and that the use of its premises was limited thereby; (2) that the defendant Empress Dairies, Inc., intends to sell in its store only milk, eggs, butter and cheese, and does not intend to sell " any packaged foods beyond the dairy products mentioned;" (3) that the plaintiff has operated a retail grocery store at the premises for a period of upwards of one year, and that he does an average business of over $400 per week, of which the sale of milk, cream, butter, eggs and cheeses amounts to between $180 and $200 per week.

After carefully considering the record herein, I am of the opinion that the restrictive covenant contained in plaintiff's lease has been violated by the defendants. The sale of dairy products by the plaintiff is not merely an incident to his business, but is a component and substantial part thereof. The term " grocery store," without limitation upon the products which may be sold therein, in the

court's opinion, includes dairy products. The only way to exclude dairy products from such a term would be by placing specific restrictions or limitations upon the sale of such products.

Judgment, therefore, will be rendered in favor of the plaintiff. Settle judgment on notice.